FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENNIS M.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　Defendant. | No. 2:18-CV-00391-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16.  Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

# I. Jurisdiction

Plaintiff filed his application for Supplemental Security Income on March 23, 2015. AR 81. His alleged onset date of disability is September 19, 2003. AR 190. At application, Plaintiff alleged that anxiety, insomnia, depression, lower and upper back impairments, neck problems, shoulder problems, arthritis of the hands and joints, tendonitis, osteoarthritis, left knee hyperextending, right hand injury, and right hip impairment limited his ability to work. AR 190, 220. Plaintiff's application was initially denied on July 24, 2015, AR 111-18, and at reconsideration on November 12, 2015, AR 120-26.

A hearing with Administrative Law Judge ("ALJ") Eric S. Basse was held on July 12, 2017. AR 36-80. The ALJ took the testimony of Plaintiff and vocational expert William Weiss. *Id*. On February 22, 2018, the ALJ issued a decision finding Plaintiff ineligible for Supplemental Security Income. AR 15-30. The Appeals Council denied Plaintiff's request for review on October 24, 2018, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on December 20, 2018. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 1383(c).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the inability "to engage in any

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 416.972. If the claimant is engaged in substantial activity, he is not entitled to disability benefits. 20 C.F.R. § 416.971. If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). A severe impairment is one that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity (RFC) enables the claimant to perform past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 46 years old at the date of application. AR 189. He completed the twelfth grade in 1986. AR 221. Plaintiff reported a work history in concrete and construction, farming, warehouses, and home healthcare. AR 222, 233. Plaintiff reported that he stopped working on September 19, 2003 because of his conditions. AR 221.

## V.   The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the date of application, March 10, 2015, through the date of the decision. AR 15-30.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since the date of application, March 10, 2015 (citing 20 C.F.R. § 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease; left knee anterior cruciate ligament (ACL) injury; osteoarthritis; depression; and generalized anxiety disorder. AR 17 (citing 20 C.F.R. § 416.920(c)).

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. § 416.920(d)).

**At step four**, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a work at the sedentary level with the following limitations:

> the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead and frequently handle and finger with the bilateral upper extremity, and frequently reach in all other directions. The claimant can have no concentrated exposure to extremes of cold or hazards. The claimant is limited to simple and routine tasks, and well-learned detailed tasks. The claimant can have no contact with the general public other than incidental interaction. The claimant can occasionally interact with coworkers, but with no requirement to interact with them to perform specific tasks. The claimant can occasionally interact with supportive supervisors.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

AR 22-23. The ALJ identified Plaintiff's past relevant work as warehouse worker and found that he was unable to perform this past relevant work. AR 28.

**At step five**, the ALJ found that, in light of his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of surveillance system monitor, semiconductor bonder, and table worker. AR 29-30.

## VI.  Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he set forth seven arguments at the onset of his briefing. ECF No. 12 at 2-3. However, these seven arguments did not match the headings throughout the briefing. Furthermore, the headings throughout the briefing did not match the arguments in the text of the briefing. Therefore, the Court will address the arguments set forth by Plaintiff in the text of the briefing, not the headings: (1) the ALJ erred at evaluating the medical evidence resulting in an error at step two; (2) the ALJ erred at step three; (3) the ALJ failed to properly evaluate Plaintiff's symptom statements; and (4) the ALJ erred at step five.

## VII.  Discussion

**A.   Step Two**

Plaintiff's heading challenges how the ALJ evaluated the medical opinions

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1 in the record ECF No. 12 at 3. However, nothing in text of the argument
2 challenges the ALJ's treatment of the medical opinion evidence. Instead, Plaintiff
3 states that "[h]e is disabled due to multiple conditions. Any of these conditions
4 could be seen as severe enough to render him 'disabled'. [*sic*] The combination of
5 these conditions unquestionably makes him disabled." *Id*. The ALJ then set forth
6 the evidence of Plaintiff's right shoulder condition, left knee problems, right knee
7 condition, low back disability, and cervical impairment. ECF No. 12 at 3-6. The
8 Plaintiff also stated that his mental conditions included social anxiety, major
9 depressive disorder, and a personality disorder. ECF No. 12 at 6. Plaintiff also
10 argues that the ALJ failed to evaluate his mental impairments and resulting
11 functional limitations. ECF No. 12 at 11. The Court views this as a challenge to
12 the ALJ's step two determination addressing Plaintiff's severe medically
13 determinable impairments.

14       The step-two analysis is "a de minimis screening device used to dispose of
15 groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An
16 impairment is "not severe" if it does not "significantly limit" the ability to conduct
17 "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are
18 "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b).

19       The ALJ found that "evidence of chronic pain syndrome, radiculopathy,
20 cervicalgia, sciatic, myalgias, and neuritis was otherwise considered under the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

broad umbrella of the claimant's degenerative disc disease, left knee ACL injury, and osteoarthritis." AR 18. The ALJ also found that "evidence of personality disorder was considered under the umbrella of the claimant's depression and generalized anxiety disorder." Therefore, the ALJ did not fail to consider the impairments Plaintiff addressed in his briefing. Furthermore, any error that may have occurred by the ALJ addressing these impairments under "broad umbrellas" is harmless as the step two determination was ultimately found in Plaintiff's favor. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

**B.    Step Three**

Plaintiff argues that he meets Listing 1.04 and the ALJ should have called a medical expert. ECF No. 12 at 6-8.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience. 20 C.F.R. § 416.920(d).

Here, the ALJ set forth the requirements of Listing 1.04 sections A, B, and C and then concluded that Plaintiff "has degenerative disc disease, left knee ACL injury, and osteoarthritis. However, none of the aforementioned conditions, considered singly or in combination, manifests symptoms rising to any of the necessary thresholds set out above." AR 19. The ALJ is required to evaluate the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

relevant evidence before concluding that a claimant's impairments do not meet or equal a listing impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, Plaintiff is arguing that he meets the listing requirements, and not that ALJ failed to evaluate the medical evidence. ECF No. 12 at 6-8. Plaintiff's argument amounts to nothing more than an alternative interpretation of the evidence. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Therefore, the Court will not disturb that ALJ's determination.

Even if Plaintiff had adequately challenged the ALJ's step three determination, he was only required to evaluate the medical evidence before concluding that Plaintiff did not meet or equal a listing, he was not required to evaluate the evidence under the heading of step two. *See Lewis*, 236 F.3d at 513. The ALJ discussed the medical evidence relevant to the Listing 1.04 elsewhere in his decision. AR 24.

The ALJ is only required to call a medical expert in three circumstances: (1) he was ordered to call a medical expert by the Appeals Council or Federal court; (2) there is a question about the accuracy of medical test result; or (3) he is considering finding that the claimant equals a medical listing. HALLEX I-2-5-34. While Plaintiff argues that he meets or equals a listing, as addressed above, this is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

an alternative interruption of the evidence. Therefore, the ALJ did not err in his step three determination.

**C.     Plaintiff's Symptom Statements**

Plaintiff appears to argue that the ALJ erred in evaluating his symptom statements under multiple headings in his brief. ECF No. 12 at 11-17.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 24. Specifically, the ALJ found that Plaintiff's activities were inconsistent with his alleged limitations, he did not demonstrate the reported level

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

of limitation at the hearing, the medical evidence did not support the reported limitations, his degenerative disc disease was stable, and he only received conservative treatment. AR 23-24, 28.

### 1. Activities

The ALJ found that Plaintiff's "activities of daily living persuasively indicate that he retains greater functional capacity than an individual with total disabling insofar as he reported being capable of assisting in the care of others, preparing simple meals, driving, handling money, reading, and watching television." AR 28.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch,* 400 F.3d at 681). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ's conclusion that Plaintiff's activities demonstrated a greater functional capacity is insufficient under *Orn*. He referenced no inconsistent

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

statements, and he did not make findings regarding the transferability of these activities to the workplace.  Furthermore, the Ninth Circuit has warned ALJs against using simple household activities against a claimant when evaluating his testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).  Therefore, Plaintiff's ability to assist in the care of others, prepare simple meals, drive, handle money, read, and watch television is insufficient to meet the specific, clear and convenience standard.

### 2.    Presentation at the Hearing

The ALJ found that at the hearing Plaintiff "testified that he continued to have problems reaching overhead, handling repetitively, crouching, crawling, and walking even short distances, among others (Hearing Testimony).  The undersigned nonetheless notes that the claimant remained seated for the duration of the hearing without apparent issues." AR 24.

Here, it is unclear how Plaintiff staying in his seat during the hearing was inconsistent with reaching overhead, handling repetitively, crouching, crawling, and walking.  Furthermore, the Ninth Circuit has long disapproved of so-called "sit

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

1   and squirm" jurisprudence.  *Perminter v. Heckler,* 765 F.2d 870, 872 (9th Cir.

2   1985).  Therefore, this is not a specific, clear and convincing reason for rejecting

3   Plaintiff's symptom statements.

4       **3.**    **Medical Evidence**

5       The ALJ found that "the majority of the evidence of record indicates that the

6   claimant maintained grossly intact physical, cognitive, and emotional functioning

7   throughout the relevant period with the benefit of largely routine and conservative

8   medication management."  AR 28.

9       Objective medical evidence is a "relevant factor in determining the severity

10  of the claimant's pain and its disabling effects," but it cannot serve as the only

11  reason for rejecting a claimant's symptom statements.  *Rollins v. Massanari*, 261

12  F.3d 853, 857 (9th Cir. 2001).

13      Plaintiff failed to challenge this argument in his briefing.  ECF No. 12 at 11.

14  Instead, he challenged the ALJ's determination that he benefited from routine and

15  conservative treatment, which is a separate reason provided by the ALJ.

16  Therefore, the Court will not consider this further.  *See Carmickle v. Comm'r. Soc.*

17  *Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (The Court will not address matters

18  that are not specifically and distinctly argued in Plaintiff's opening brief.).

19      **4.**    **Stable Impairments**

20      The ALJ found that "while various clinical examinations of the claimant

1 have confirmed the presence of degenerative changes throughout [his] spine, said

2 findings appear to be largely minimal and stable as well." AR 28. Here, the ALJ

3 failed to articulate why a finding that Plaintiff's impairments were stable rendered

4 his statements unreliable. *Id*. Therefore, this fails to rise to the specific, clear and

5 convincing standard.

6      **5.    Conservative Treatment**

7      The ALJ found that it was "telling" that Plaintiff's "treating physicians have

8 also not recommended or prescribed more aggressive treatment modalities such as

9 repeat surgical intervention of the knees or any inpatient psychiatric therapy, for

10 example. To this, the undersigned points out that x-ray of the claimant's spine

11 following his February 2016 cervical discectomy revealed an excellent

12 postoperative appearance." AR 28.

13      Conservative treatment can be "sufficient to discount a claimant's testimony

14 regarding [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751

15 (9th Cir. 2007). In support of his determination, the ALJ points to Plaintiff's lack

16 of knee surgery, conservative mental health treatment, and cervical spine imaging

17 showing "excellent postoperative appearance." AR 28. Plaintiff had a previous

18 ACL knee injury, AR 342, 344, 347, and despite the complaints of ongoing pain,

19 his providers only prescribed physical therapy, AR 346, 416. Likewise, Plaintiff

20 complained of mental health impairments, but his treatment consisted of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16**

medication without ongoing counseling, and he was not taking medications at the time of the hearing. AR 47-48, 583. On February 15, 2016, Plaintiff underwent a C6-C7 anterior discectomy and fusion. AR 509. Imaging after the procedure showed good position, AR 540, and "excellent postoperative appearance," AR 581. In the two years from the surgery to the ALJ's decision, there is no evidence that invasive procedures were recommended. Therefore, the ALJ's determination is supported by substantial evidence and meets the specific, clear and convincing standard.

Plaintiff argues that the ALJ overlooked the fusion in his decision. ECF No. 12 at 4. However, the ALJ stated that Plaintiff "underwent anterior discectomy and fusion with graft and plate at the C6 to C7 level." AR 24. Therefore, Plaintiff's argument is without merit.

Additionally, Plaintiff argues that the treatment for his spine was invasive as it progressed from pain medication to injections to surgery. ECF No. 12 at 11. However, at the hearing, Plaintiff amended his alleged onset date to the date of application which constricts the period the Court considers when looking at the evidence. AR 41. He also stated that his symptoms were worse following the surgery, AR 45, which supports the ALJ's conclusion that the reported severity of symptoms reported is inconsistent with the conservative treatment as there was no additional invasive treatment following the surgery.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

While not all of the reasons provided by the ALJ met the specific, clear and convincing standard, enough of the ALJ's reasons did. Therefore, the Court will not disturb the ALJ's determination. *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti,* 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### D.  Step Five

Plaintiff argues that the ALJ failed to meet his burden at step five of the sequential evaluation process. ECF No. 12 at 17-18. This argument is derivative of Plaintiff's previous argument that Plaintiff made an error at step two. *Id.* Since this Court is not disturbing the ALJ's step two determination, this argument fails. The Court will not disturb the ALJ's step five determination

Additionally, the header in Plaintiff's brief argues that the evidence submitted to the Appeals Council is sufficient to show that the ALJ did not meet his step five burden. ECF No. 12 at 17. However, Plaintiff did not submit new evidence to the Appeals Council, only a brief. AR 4. Therefore, there is no new evidence for the Court to consider.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 4th day of March, 2021.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 19